## HIRAM STEVENS vs. SAMUEL SAYWARD & another.

Where part of a shipment, made by one entire contract of affreightment, is lost by fault of the agents of the shipowner, and the residue is not accepted by the consignee, but is sold by the master at the port of discharge, the net proceeds of the sale may be recovered of the shipowner by the shipper in an action for money had and received, without deducting any freight, although the shipowner has made good the deficiency to the purchaser, who bought without knowledge of it. And such action may be maintained without a previous demand, if the shipowner has previously commenced an action for the freight.

ACTION OF CONTRACT for not delivering the goods mentioned in the bill of lading set forth in the next preceding case, *ante*, 98. Writ dated April 15th 1852.

At the trial in the court of common pleas, at July term 1852, before *Merrick*, J. the same facts were in evidence as in that case. There was also evidence tending to show that the vessel was unseaworthy, by reason of having too heavy a deck load, and incomplete outfit, spars and rigging, and that her voyage was thereby lengthened three months; but it did not appear that the value of the articles which arrived would have been greater had they arrived three months earlier. There was no evidence of any demand by the plaintiff upon the defendants, their officers or agent, either for the articles named in the bill of lading, or for the proceeds thereof, after the sale of the articles actually carried, and before the commencement of this action.

The judge instructed the jury that the plaintiff's remedy was upon the contract contained in the bill of lading, under which the defendants had no right to stow any part of the articles named in it on deck, except the shingles; that by so doing they took the risk of such stowage, and became answerable to the plaintiff for any loss which happened by reason of such stowage to the goods so stowed, or to the whole shipment; that the defendants were bound to put the plaintiff in all respects in as good a situation as he would have been in if the goods had all arrived safely and in proper time at San Francisco : but they were not bound to do more; and the plaintiff could only recover

the actual loss sustained by him ; and therefore the rule of damages was the value of the entire shipment at San Francisco at the time when the vessel should have arrived there, if seaworthy and suitably loaded in all particulars, deducting therefrom the amount of freight to which, in that event, the defendants would by the terms of the bill of lading have been entitled.

The plaintiff, at the trial, by leave of court, filed an additional count for money had and received, and under this claimed to recover the sum of $662.13, being the net proceeds of the sale at San Francisco of the articles which arrived there; and offered to show that the defendants had brought an action against him for the balance of freight, which was still pending. But the judge ruled that, upon the facts above stated, the plaintiff could not recover such proceeds under this count, without proof of a demand therefor before bringing this suit.

The jury returned a verdict for the defendants, and the plaintiff alleged exceptions.

*S. J. Gordon*, for the plaintiff.

*J. J. Clarke & L. Shaw*, Jr. for the defendants.

BIGELOW, J.   The principles already applied to the contract between these parties, in the action brought to recover of the plaintiff in this suit the balance of freight money alleged to be due from him to the present defendants, (*ante*, 97,) are decisive of the question presented by the bill of exceptions in this case. The contract of shipment having been entire, and there having been a failure to fulfil it, through the negligence of the defendants or their agent, there was no freight due to the defendants on the arrival of the vessel in San Francisco. The owner or consignee there would have had the right to demand and receive the goods remaining on board the vessel, free of any charge for freight. The carrier has only a special property in goods committed to his charge, as against the general owner or consignee, namely, a right to retain them until his freight is paid. To this extent, and this only, does any right in them accrue to him. If the freight is paid, or if there is no freight due, then the person having the general property in the goods, the shipper or consignee, has a right to their immediate possession. If the goods

had all been carried, without the loss of a single article, to a port within a day's sail of San Francisco, and there left by the master, who failed, from causes not within the exception in the bill of lading, to transport them further, there can be no doubt of the right of the owner or consignee to assert his title to the property, and receive them free from any charge of freight. Nothing but a voluntary acceptance of the goods at a port short of their destination would render him liable *pro rata.* This is a familiar application of an elementary principle governing this species of contract. Although in such a case it might be said the owner or consignee had received almost the actual benefit of his contract of shipment, still he would not be liable for freight. The same rule applies for the same reason in case of non-delivery of a part of a cargo, where the contract of affreightment is entire. The contract is to deliver as well as to carry, and a failure to do either destroys the right of the owner of the vessel to claim any freight, or to hold the goods in his possession as against the owner or consignee. In all cases of entire contracts, part performance, however beneficial to the other party, gives no right of compensation. If a man agrees to work for another for a year at a stipulated price, and leaves the employment before the year has expired, he is entitled to no compensation for the time and labor expended in part performance of his contract, however beneficial it may have been to his employer. *Stark* v. *Parker,* 2 Pick. 267. If parties desire to avoid the hardship of this rule of law, they must guard against it by special stipulations in their contracts. It is the duty of courts of law to enforce rules, not to evade them. For the reasons already given in the former action between these same parties, growing out of this contract, we think there was no voluntary acceptance of the goods which arrived in San Francisco; but that a portion of them having been lost in consequence of the negligence of the master in stowing them improperly, there was no freight earned. Consequently the property in the goods which arrived at San Francisco was absolutely in the plaintiff, and the proceeds of the sale belong to him, without any right on the part of the defendants to deduct anything for freight. The goods having been sold in

pursuance of the authority contained in the contract, assumpsit is the proper form of action to recover the amount received by the defendants therefor. The net proceeds of the sale, after deducting all necessary charges for the care and storage of the goods in San Francisco, the expenses of wharfage, advertising, commissions and all other costs necessarily incurred in making the sale, belong to the plaintiff. Even if there had been no authority to sell contained in the bill of lading, the plaintiff, by seeking to recover the proceeds of the goods in an action for money had and received, has thereby ratified the sale, and is entitled to recover only the net proceeds in the hands of the defendants.

The fact that the defendants paid the purchaser the value of the missing goods cannot affect the rights of the parties, for the reasons given in the preceding case, *ante,* 107. The plaintiff is therefore entitled to recover the proceeds of the goods, less the necessary and proper charges attending the sale in San Francisco.

Nor, under the circumstances of this case, do we think any demand on the part of the plaintiff for the amount of the sales requisite, in order to enable him to maintain this action. If such demand had been originally essential, the defendants have rendered it unnecessary by commencing an action against the plaintiff to recover a balance due for freight. This was equivalent to a refusal on their part to account for the money in their hands, and gave to the plaintiff an immediate right of action.

*Exceptions sustained.*